IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND REUDY and MARK KEVIN HICKS, DBA Advertising Display Systems, <br><br> Plaintiffs, <br><br> v. <br><br> CLEAR CHANNEL OUTDOOR, INC., a Delaware corporation, <br><br> Defendant. | Case No. 02-5438 SC <br><br> ORDER CLARIFYING BASIS OF <u>DISMISSAL WITH PREJUDICE</u> |

The Ninth Circuit requested that this Court issue an order clarifying the basis of its April 24, 2009 dismissal with prejudice of the above-titled action. ECF No. 346 ("Nov. 9, 2010 Order"). The Court issues this order in response.

Plaintiffs Raymond Reudy, Kevin Hicks, and Advertising Display Systems ("Plaintiffs") commenced this action in January 2002. ECF No. 1 ("Notice of Removal"). Plaintiffs, who were engaged in the business of leasing outdoor advertising signs and billboards in the San Francisco Bay Area, brought an action in California state court against fellow outdoor advertiser Clear Channel Outdoor, Inc. ("Defendant"). See ECF No. 312 ("Apr. 24, 2009 Order") at 2. Plaintiffs alleged that Defendant operated signs and billboards throughout the City of San Francisco ("the City") in violation of the City's Planning and Building Codes, and contended that the

operation of these signs constituted an unfair business practice under California state law. Id. Defendant removed the action to federal court. See Notice of Removal.

The Court stayed the action twice under California's doctrine of primary jurisdiction, noting that a court order could displace "local agencies without first giving them the opportunity to address Plaintiffs' contentions." Apr. 24, 2010 Order at 3. During the pendency of the action, the City established the General Advertising Sign Program ("GASP"), a city agency charged with enforcing the City's sign regulations and removing illegal signs. Id. at 8-9. By 2008, GASP had identified 261 signs that did not comply with City regulations and had overseen removal of 141 of these signs. Id. at 10. By 2009, Plaintiffs had withdrawn all requests for relief except one: an injunction requiring Defendant to remove nearly four hundred signs that allegedly violated the City's sign regulations. Id. at 9.

On April 24, 2009, this Court issued an order dismissing Plaintiffs' action with prejudice. Id. at 1. The Court wrote: "The sole relief that Plaintiffs are requesting (i.e., enforcement of the City's sign regulations) is already being carried out by a City agency that exists for this specific purpose." Id. at 10-11. The Court found that dismissing the action "will allow the City Planning Commission to update and amend the directives of GASP in light of local objectives and policies, as it continues to do so from time to time." Id.

Plaintiffs appealed. ECF No. 315 ("Notice of Appeal"). On November 9, 2010, the Ninth Circuit issued an order vacating submission "for the limited purpose of requesting the district

1  court to enter an order clarifying the basis for the dismissal of
2  this action with prejudice."  See Nov. 9, 2010 Order.  The Ninth
3  Circuit wrote that while primary jurisdiction is an improper ground
4  for a dismissal with prejudice, the dismissal may be proper under
5  California's doctrine of equitable abstention.  Id. at 2.  The
6  Court was directed to issue an order setting forth which doctrine
7  the Court relied on in dismissing the action with prejudice.  Id.
8       The Court hereby clarifies that it relied on California's
9  equitable abstention doctrine in dismissing Plaintiffs' action.
10 That doctrine provides: "Where [an unfair competition law] action
11 would drag a court of equity into an area of complex economic [or
12 similar] policy, equitable abstention is appropriate.  In such
13 cases, it is primarily a legislative and not a judicial function to
14 determine the best economic policy."  Shamsian v. Dep't of
15 Conservation, 39 Cal. Rptr. 3d 62, 78 (Ct. App. 2006) (quotation
16 marks omitted; alteration in original).  The City has established,
17 through GASP, a policy of enforcing its sign regulations.  The
18 equitable relief sought could throw this enforcement policy out of
19 balance, frustrating the City's ability to "update and amend the
20 directives of GASP in light of local objectives and policies."
21 Apr. 24, 2009 Order at 10-11.  For the foregoing reasons, the
22 Court's April 24, 2009 Order dismissed the action with prejudice
23 under California's doctrine of equitable abstention.

25      IT IS SO ORDERED.

27      Dated: November 29, 2010         
28                                       UNITED STATES DISTRICT JUDGE

3